| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>SOURTHERN DISTRICT OF NEW YORK | Case No.:<br>1:23-cv-3228 (LGS) |
| GRACIELA DONCOUSE,<br><br>        **Plaintiff,**<br><br> -against-<br><br>LNC WELLNESS LLC, and<br>108-110 9TH PARTNERS LLC,<br><br>        **Defendants.** | **ANSWER WITH AFFIRMATIVE DEFENSES and CROSSCLAIM** |

Defendant, 108-110 9ᵀᴴ PARTNERS LLC ("Owner"), by and through its attorneys, Kucker Marino Winiarsky & Bittens, LLP, as and for its Answer responding to the Complaint dated April 18, 2023 (the "Complaint") of the Plaintiff, GRACIELA DONCOUSE ("Plaintiff") and Cross-Claim against Defendant, LNC WELLNESS LLC ("Tenant"), alleges the following:

  1.  Owner lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 1 of the Complaint which allege Plaintiff's motivation and claims or the jurisdiction of the court, and Owner denies each of the allegations which allege (i) that it violated the law; or (ii) that it damaged Plaintiff; or (iii) that it is liable to Plaintiff, and Owner denies the remaining allegations in this paragraph of the Complaint.

  2.  Owner lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 2 of the Complaint concerning venue each of which is an alleged legal conclusion – a type of allegation for which a defendant is not required to respond in an Answer, and denies each of the allegations which allege (i) that it violated the law; or (ii) that it damaged Plaintiff; or (iii) that it is liable to her, and Owner denies the remaining allegations in this paragraph of the Complaint.

  3.  Owner admits the allegations in paragraph 3 of the Complaint which allege that the subject Premises are located at 361 West 17th Street, New York, NY 10011, and Owner denies

each of the allegations which allege (i) that it violated the law; or (ii) that it damaged Plaintiff; or (iii) that it is liable to her, and Owner denies the remaining allegations in this paragraph of the Complaint.

4. Owner lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 4 of the Complaint concerning venue each of which is an alleged legal conclusion – a type of allegation for which a defendant is not required to respond in an Answer, and denies the remaining allegations in this paragraph of the Complaint.

5. Owner admits the allegations in paragraph 5 of the Complaint which allege that Owner is authorized to conduct and is conducting business in the State of New York, and lacks knowledge or information sufficient to form a belief about the truth of the allegations which allege that the Tenant, is authorized to conduct and conducting business in the State of New York, and denies the remaining allegations in this paragraph of the Complaint.

6. Owner lacks knowledge or information sufficient to form a belief about the truth of each of the allegations in paragraph 6 of the Complaint which is an alleged legal conclusion – a type of allegation for which a defendant is not required to respond in an Answer, and denies the remaining allegations in this paragraph of the Complaint.

7. Owner lacks knowledge or information sufficient to form a belief about the truth of each of the allegations in paragraph 7 of the Complaint which is an alleged legal conclusion – a type of allegation for which a defendant is not required to respond in an Answer, and denies the remaining allegations in this paragraph of the Complaint.

8. Owner lacks the knowledge or information sufficient to form a belief about the truth of each of the allegations in paragraph 8 of the Complaint which is an alleged legal conclusion – a type of allegation for which a defendant is not required to respond in an Answer, and Owner denies each of the allegations which allege (i) that it violated the law; or (ii) that it damaged

Plaintiff; or (iii) that it is liable to her, and Owner denies the remaining allegations in this paragraph of the Complaint.

9. Owner lacks the knowledge or information sufficient to form a belief about the truth of each of the allegations in paragraph 9 of the Complaint which is an alleged legal conclusion – a type of allegation for which a defendant is not required to respond in an Answer, and Owner denies each of the allegations which allege (i) that it violated the law; or (ii) that it damaged Plaintiff; or (iii) that it is liable to her, and Owner denies the remaining allegations in this paragraph of the Complaint.

10. Owner lacks the knowledge or information sufficient to form a belief about the truth of each of the allegations in paragraph 10 of the Complaint which is an alleged legal conclusion – a type of allegation for which a defendant is not required to respond in an Answer, and Owner denies each of the allegations which allege (i) that it violated the law; or (ii) that it damaged Plaintiff; or (iii) that it is liable to her, and Owner denies the remaining allegations in this paragraph of the Complaint.

11. Owner lacks the knowledge or information sufficient to form a belief about the truth of each of the allegations in paragraph 11 of the Complaint which is an alleged legal conclusion – a type of allegation for which a defendant is not required to respond in an Answer, and Owner denies each of the allegations which allege (i) that it violated the law; or (ii) that it damaged Plaintiff; or (iii) that it is liable to her, and Owner denies the remaining allegations in this paragraph of the Complaint.

12. Owner denies the allegations in paragraph 12 of the Complaint which allege (i) that it violated the law; or (ii) that it damaged Plaintiff; or (iii) that it is liable to her, and Owner denies each of the allegations which allege (i) that it violated the law; or (ii) that it damaged Plaintiff; or (iii) that it is liable to her, and Owner denies the remaining allegations in this paragraph of the

Complaint.

13.     Owner lacks the knowledge or information sufficient to form a belief about the truth of each of the allegations in paragraph 13 of the Complaint which allege that Plaintiff lives near the restaurant and has attempted to enter the Premises on other occasions, and Owner denies the allegations which allege (i) that it violated the law; or (ii) that it damaged Plaintiff; or (iii) that it is liable to her, and Owner denies the remaining allegations in this paragraph of the Complaint.

14.     Owner lacks the knowledge or information sufficient to form a belief about the truth of each of the allegations in paragraph 14 of the Complaint which allege that Plaintiff intends on immediately returning to the to the Premises, and Owner denies the allegations which allege (i) that it violated the law; or (ii) that it damaged Plaintiff; or (iii) that it is liable to her, and Owner denies the remaining allegations in this paragraph of the Complaint.

**Plaintiff's Alleged Count I**:

15.     Owner lacks the knowledge or information sufficient to form a belief about the truth of each of the allegations in paragraph 15 of the Complaint which is an alleged legal conclusion – a type of allegation for which a defendant is not required to respond in an Answer, and denies the remaining allegations in this paragraph of the Complaint.

16.     Owner lacks the knowledge or information sufficient to form a belief about the truth of each of the allegations in paragraph 16 of the Complaint which is an alleged legal conclusion – a type of allegation for which a defendant is not required to respond in an Answer, and denies the remaining allegations in this paragraph of the Complaint.

17.     Owner denies the allegations in paragraph 17 of the Complaint.

18.     Owner denies the allegations in paragraph 18 of the Complaint.

19.     Owner denies the allegations in paragraph 19 of the Complaint.

20. Owner denies the allegations in paragraph 20 of the Complaint which allege (i) that it violated the law; or (ii) that it damaged Plaintiff; or (iii) that it is liable to her, and Owner denies the remaining allegations in this paragraph of the Complaint.

21. Owner lacks the knowledge or information sufficient to form a belief about the truth of each of the allegations in paragraph 21 of the Complaint which is an alleged legal conclusion – a type of allegation for which a defendant is not required to respond in an Answer, and denies the remaining allegations in this paragraph of the Complaint.

22. Owner lacks the knowledge or information sufficient to form a belief about the truth of each of the allegations in paragraph 22 of the Complaint which is an alleged legal conclusion – a type of allegation for which a defendant is not required to respond in an Answer, and Owner denies each of the allegations which allege (i) that it violated the law; or (ii) that it damaged Plaintiff; or (iii) that it is liable to her, and Owner denies the remaining allegations in this paragraph of the Complaint.

23. Owner denies the allegations in paragraph 23 of the Complaint which allege (i) that it violated the law; or (ii) that it damaged Plaintiff; or (iii) that it is liable to her, and Owner denies the remaining allegations in this paragraph of the Complaint.

24. Owner denies the allegations in paragraph 24 of the Complaint which allege (i) that it violated the law; or (ii) that it damaged Plaintiff; or (iii) that it is liable to her, and Owner denies the remaining allegations in this paragraph of the Complaint.

25. Owner lacks the knowledge or information sufficient to form a belief about the truth of each of the allegations in paragraph 25 of the Complaint which is an alleged legal conclusion – a type of allegation for which a defendant is not required to respond in an Answer, and Owner denies each of the allegations which allege (i) that it violated the law; or (ii) that it damaged Plaintiff; or (iii) that it is liable to her, and Owner denies the remaining allegations in this paragraph

of the Complaint.

26.     Owner lacks the knowledge or information sufficient to form a belief about the truth of each of the allegations in paragraph 26 of the Complaint which is an alleged legal conclusion – a type of allegation for which a defendant is not required to respond in an Answer, and Owner denies each of the allegations which allege (i) that it violated the law; or (ii) that it damaged Plaintiff; or (iii) that it is liable to her, and Owner denies the remaining allegations in this paragraph of the Complaint.

**Plaintiff's Alleged Count II**:

27.     In response to paragraph 27 of the Complaint, which avers that it realleges the allegations in previous paragraphs of the Complaint, Owner repeats and reiterates the responses in previous paragraphs of its Answer.

28.     Owner lacks the knowledge or information sufficient to form a belief about the truth of each of the allegations in paragraph 28 of the Complaint which is an alleged legal conclusion – a type of allegation for which a defendant is not required to respond in an Answer, and denies the remaining allegations in this paragraph of the Complaint.

29.     Owner denies the allegations in paragraph 29 of the Complaint.

30.     Owner denies the allegations in paragraph 30 of the Complaint.

**Plaintiff's Alleged Count III**:

31.     In response to paragraph 31 of the Complaint, which avers that it realleges the allegations in previous paragraphs of the Complaint, Owner repeats and reiterates the responses in previous paragraphs of its Answer.

32. Owner lacks the knowledge or information sufficient to form a belief about the truth of each of the allegations in paragraph 32 of the Complaint which is an alleged legal conclusion – a type of allegation for which a defendant is not required to respond in an Answer, and denies the remaining allegations in this paragraph of the Complaint.

33. Owner denies the allegations in paragraph 33 of the Complaint.

34. Owner denies the allegations in paragraph 34 of the Complaint.

35. Owner denies the allegations in paragraph 35 of the Complaint.

36. Owner lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 36 of the Complaint which allege Plaintiff's motivation and claims or the jurisdiction of the court, and Owner denies each of the allegations which allege (i) that it violated the law; or (ii) that it damaged Plaintiff; or (iii) that it is liable to Plaintiff, and Owner denies the remaining allegations in this paragraph of the Complaint.

37. Owner lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 37 of the Complaint which allege Plaintiff's motivation and claims or the jurisdiction of the court, and Owner denies each of the allegations which allege (i) that it violated the law; or (ii) that it damaged Plaintiff; or (iii) that it is liable to her, and Owner denies the remaining allegations in this paragraph of the Complaint.

38. Owner lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 38 of the Complaint which allege Plaintiff's motivation and claims, and Owner denies each of the allegations which allege (i) that it violated the law; or (ii) that it damaged Plaintiff; or (iii) that it is liable to her, and Owner denies the remaining allegations in this paragraph of the Complaint.

**FIRST AFFIRMATIVE DEFENSE**:

39. Owner repeats, reiterates, and re-alleges each and every allegation contained hereinabove with the same force and effect as if hereinafter set forth at length.

40. The Complaint fails to state a cause of action upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**:

41. Owner repeats, reiterates, and re-alleges each and every allegation contained hereinabove with the same force and effect as if hereinafter set forth at length.

42. Neither Plaintiff nor any other person has been denied full and safe access to all of the benefits, accommodations, and services of the subject facility.

**THIRD AFFIRMATIVE DEFENSE**:

43. Owner repeats, reiterates, and re-alleges each and every allegation contained hereinabove with the same force and effect as if hereinafter set forth at length.

44. Some or all of Plaintiff's claims are barred by the applicable statute of limitations and/or other statutory or other provisions of law.

**FOURTH AFFIRMATIVE DEFENSE**:

45. Owner repeats, reiterates, and re-alleges each and every allegation contained hereinabove with the same force and effect as if hereinafter set forth at length.

46. Plaintiff's claims should be dismissed, in whole or in part, because she is estopped as to such claims by her own actions, laches or waiver.

**FIFTH AFFIRMATIVE DEFENSE**:

47. Owner repeats, reiterates, and re-alleges each and every allegation contained hereinabove with the same force and effect as if hereinafter set forth at length.

48. Plaintiff lacks standing to bring some or all of the claims asserted in the Complaint and/or to obtain the relief requested in the Complaint and has failed to properly allege standing to assert some or all of the claims that she has attempted to allege in the Complaint.

**SIXTH AFFIRMATIVE DEFENSE**:

49. Owner repeats, reiterates, and re-alleges each and every allegation contained hereinabove with the same force and effect as if hereinafter set forth at length.

50. Plaintiff failed to provide any notice of alleged violation prior to commencing the action and Owner did not have actual or constructive notice regarding alleged accessibility issues concerning the subject facility. Plaintiff could have had access to and used the Premises' accommodations had she informed Owner of an alleged violation of the law, and her failure to inform of an alleged violation should not be excused as a futile gesture.

**SEVENTH AFFIRMATIVE DEFENSE**:

51. Owner repeats, reiterates, and re-alleges each and every allegation contained hereinabove with the same force and effect as if hereinafter set forth at length.

52. Any action by Owner that allegedly adversely affected Plaintiff was taken in good faith and for legitimate business reasons. Owner acted under the reasonable belief that its actions were in accordance with federal and state laws and at no relevant time did it contravene clearly established federal or state law or statutory or constitutional rights of the Plaintiff.

**EIGHTH AFFIRMATIVE DEFENSE**:

53. Owner repeats, reiterates, and re-alleges each and every allegation contained hereinabove with the same force and effect as if hereinafter set forth at length.

54. There are no barriers to accessibility at the subject facility. Owner provided all auxiliary aids and services required by law and removed all barriers to access that are readily achievable. Assuming, *arguendo*, that any barrier as alleged does exist, its removal is not readily achievable in whole or in part and/or it does not materially affect the usability of goods, facilities and services of the subject facility, and it is within construction tolerances.

**NINTH AFFIRMATIVE DEFENSE**:

55. Owner repeats, reiterates, and re-alleges each and every allegation contained hereinabove with the same force and effect as if hereinafter set forth at length.

56. Assuming, *arguendo*, that the ADA Accessibility Guidelines are deemed relevant in this action, any deviations from the guidelines is *de minimus* and within construction tolerances and does not materially affect the usability of the features in question.

**TENTH AFFIRMATIVE DEFENSE**:

57. Owner repeats, reiterates, and re-alleges each and every allegation contained hereinabove with the same force and effect as if hereinafter set forth at length.

58. All actions concerning the design and construction at the subject facility were taken in good faith and for legitimate, lawful business reasons or predate the passage of the ADA and may not be a basis for liability.

## ELEVENTH AFFIRMATIVE DEFENSE:

59. Owner repeats, reiterates, and re-alleges each and every allegation contained hereinabove with the same force and effect as if hereinafter set forth at length.

60. Some or all of the physical items alleged by Plaintiff are not architectural barriers to access and do not prevent the enjoyment of the goods and services of the subject facility.

## TWELFTH AFFIRMATIVE DEFENSE:

61. Owner repeats, reiterates, and re-alleges each and every allegation contained hereinabove with the same force and effect as if hereinafter set forth at length.

62. The premises provides equivalent facilitation or appropriate means for patrons with disabilities to enjoy the goods and facilities at the subject Premises, which provide the same and equal benefits, service, facility, privilege, advantage, accommodation and opportunity to individuals with disabilities as that provided to others.

## THIRTEENTH AFFIRMATIVE DEFENSE:

63. Owner repeats, reiterates, and re-alleges each and every allegation contained hereinabove with the same force and effect as if hereinafter set forth at length.

64. Plaintiff's claims are barred, in whole or in part, because she may not have been a *bona fide* patron at the subject facility, but visited, if at all, for purposes of instituting this action.

## FOURTEENTH AFFIRMATIVE DEFENSE:

65. Plaintiff's claims are barred, in whole or in part, to the extent that she is not a qualified individual with a disability entitled to relief within the meaning of the statutes upon which she bases her claims.

**FIFTEENTH AFFIRMATIVE DEFENSE**:

66. Owner repeats, reiterates, and re-alleges each and every allegation contained hereinabove with the same force and effect as if hereinafter set forth at length.

67. Plaintiff's claims are barred because defendants did not discriminate against Plaintiff or deny her a full and equal opportunity to enjoy goods and services on the basis of alleged disability.

**SIXTEENTH AFFIRMATIVE DEFENSE**:

68. Owner repeats, reiterates, and re-alleges each and every allegation contained hereinabove with the same force and effect as if hereinafter set forth at length.

69. Plaintiff's alleged injuries and/or damages, if any, were not caused by any act or omission of Owner.

**SEVENTEENTH AFFIRMATIVE DEFENSE**:

70. Owner repeats, reiterates, and re-alleges each and every allegation contained hereinabove with the same force and effect as if hereinafter set forth at length.

71. Some or all of the conditions alleged to violate the ADA, the New York State Human Rights Law, and the New York City Human Rights Law, no longer exist, and, therefore, Plaintiff's claims are moot.

**EIGHTEENTH AFFIRMATIVE DEFENSE**:

72. Owner repeats, reiterates, and re-alleges each and every allegation contained hereinabove with the same force and effect as if hereinafter set forth at length.

73. Plaintiff is not entitled to the recovery of attorneys' fees for moot claims under

*Buckingham Bd. & Care Home, Inc. v. West Virginia Dept. of Health and Human Resources*, 532 U.S. 598, 606 (2001).

### NINETEENTH AFFIRMATIVE DEFENSE:

74. Owner repeats, reiterates, and re-alleges each and every allegation contained hereinabove with the same force and effect as if hereinafter set forth at length.

75. Plaintiff has failed to mitigate alleged damages, and, therefore, any entitlement to alleged damages should be denied.

### TWENTIETH AFFIRMATIVE DEFENSE:

76. Owner repeats, reiterates, and re-alleges each and every allegation contained hereinabove with the same force and effect as if hereinafter set forth at length.

77. Plaintiff's claims are barred, in whole or in part, because the design and construction of the subject facility preceded the enactment of the ADA.

### TWENTY-FIRST AFFIRMATIVE DEFENSE:

78. Owner repeats, reiterates, and re-alleges each and every allegation contained hereinabove with the same force and effect as if hereinafter set forth at length.

79. Owner is and has been in full compliance with the ADA and Accessibility Guidelines, and with the Building Code of the State of New York pursuant to the 1992 Standards.

### TWENTY-SECOND AFFIRMATIVE DEFENSE:

80. Owner repeats, reiterates, and re-alleges each and every allegation contained hereinabove with the same force and effect as if hereinafter set forth at length.

81. The relief requested in the Complaint would constitute an undue burden to Owner under 42 U.S.C. § 12182(b)(2)(A)(iii).

**TWENTY-THIRD AFFIRMATIVE DEFENSE**:

82. Owner repeats, reiterates, and re-alleges each and every allegation contained hereinabove with the same force and effect as if hereinafter set forth at length.

83. Owner reserves the right to assert additional defense with regard to some or all of Plaintiff's claims.

**CROSS-CLAIM**:

84. Owner repeats and realleges each of its allegations stated above.

85. Owner's predecessor in interest and Tenant entered into an Agreement of Lease dated February 11, 2020 for the Premises ("Lease").

86. In addition to confirming the identity of the Owner and the identity of the Tenant, the Lease included terms concerning the use of the Premises by Tenant, the amount of rent, and the respective obligations of Owner and Tenant, including, but not limited to, the obligation of the Tenant during the leasehold to make certain that its use of the Premises complies with all terms of the Lease and all applicable laws, including but not limited to, the following Lease terms.

87. Section 6 of the Lease provides:

> Tenant. at Tenant's sole cost and expense, shall promptly comply with all present and future laws. orders and regulations of all state, federal, municipal and local governments. departments. commissions and boards and any direction of any public officer pursuant to law, and all orders. rules and regulations of the New York Board of Fire Underwriters or the Insurance Services Office, or any similar body which shall impose any violation. order or duty upon Owner or Tenant with respect to the demised premises and with respect to the portion of the sidewalk adjacent to the premises, if the premises are on the street level, whether or not arising out of

Tenant's use or manner of use of the premises or the building (including the use permitted under the lease)…Tenant shall not do or permit anything to be done in or to the demised premises which is contrary to law or which will invalidate or be in conflict with public liability, fire or other policies of insurance at any time carried by or for the benefit of Owner. Tenant shall pay all costs, expenses, fines, penalties or damages which may be imposed upon Owner by reason of Tenant's failure to comply with the provisions of this article.

88. Section 15 of the Lease provides:

Tenant will not at any time use or occupy the demised premises in violation of Articles 2 or 37 hereof, or the certificate of occupancy issued for the building of which the demised premises are a part. Tenant has inspected the premises and accepts them as is, subject to the riders annexed hereto with respect to Owner's work, if any. In any event. Owner makes no representations as to the condition of the premises and Tenant agrees to accept the same subject to violation whether or not of record.

89. Section 50 of the Lease provides:

90. Tenant shall at all times, at its own cost and expense:…d) obtain and maintain all required permits and licenses and comply with all rules and regulations of the Board of Health of the City of New York and of any other governmental agency having jurisdiction over the operation of establishments selling food and beverages at the Premises; e) as required by law and or building codes, keep installed and maintain an exhaust system for the purpose of removing cooking fumes and odors from the Premises, but in such a way as not to blow into the apartments of any of the residential tenants in the Building of which the Premises or a part of any neighboring building;…g) correct promptly any violations issued against the Premises or the Building for conditions caused by Tenant and to pay promptly the fines levied in connection therewith;…

91. Section 71 of the Lease provides:

Tenant inspected the Premises and found them to be in a "move - in" condition, and accordingly Tenant shall accept the demised premises in its "as is" condition on the Commencement Date.

92. Section 82 of the Lease provides:

Tenant will operate business in a first-class fashion, comply with all applicable laws, rules and regulations applying thereto, and will

15

obtain all necessary licenses and permits to properly conduct its business.

93. As such, assuming *arguendo* only, that there is any merit to any of the claims of Plaintiff in this action (which Owner denies), Tenant is required to correct any violation of the American with Disabilities Act, to defend the Action, and to indemnify and hold Owner harmless.

94. Assuming *arguendo* only, that there is any merit to any of the claims of Plaintiff in this action (which Owner denies), in such event Tenant has materially breached its obligations to Owner under the Lease contract including concerning the obligation of Tenant to comply with all Lease terms and all laws and its obligations concerning the hold harmless in favor of Owner.

95. Owner satisfied all of its obligations to Tenant under the Lease.

96. To the extent that it may be determined eventually that Owner has any liability to Plaintiff concerning any of the causes of action alleged in the Complaint (which Owner denies), then, in such event, pursuant to terms in the Lease contract, Tenant is liable to Owner on its cross-claim against Tenant.

97. In the event that there is any judgment in favor of Plaintiff against Owner (which, respectfully, should not happen), then, in such event, pursuant to terms in the Lease contract:

   a. Owner is entitled to indemnification from and against Tenant and a judgment on its cross-claim for the same items and in to the full extent of any award in favor of Plaintiff; and

   b. the judgment in favor of Owner against Tenant on the cross-claim should include an award in which the Court requires Tenant to reimburse Owner for all of its costs, including attorneys' fees, concerning Plaintiff's action.

**PRAYER FOR RELIEF**:

**WHEREFORE,** Owner respectfully requests judgment as follows:

    a.      Dismissing the Complaint with prejudice;

    b.      Granting Owner the costs and disbursements incurred in connection with this action, including reasonable attorneys' fees;

    c.      In the event that there is any judgment in favor of Plaintiff against Owner (which, respectfully, should not happen), then, in such event, pursuant to terms in the Lease contract between Owner and Tenant and pursuant to Owner's cross-claim, Owner is entitled to indemnification from and against Tenant and a judgment should be awarded to Owner on its cross-claim against Tenant for the same items and in to the full extent of any award in favor of Plaintiff against Owner; and the judgment in favor of Owner against Tenant should include an award in which the Court requires Tenant to reimburse Owner for all of its costs, including attorneys' fees, concerning Plaintiff's Action.

    d.      Granting such other and further relief in favor of Owner as this Court deems just and proper.

Dated: New York, New York
May 19, 2023

                        **KUCKER MARINO WINIARSKY & BITTENS, LLP**
                        *Attorneys for 108-110 9th Partners LLC*

                        By: _____
                            Joseph Goldsmith, Esq. (JG8586)
                        747 Third Avenue, 12th Floor
                        New York, New York 10017
                        Tel: (212) 869-5030
                        E-mail: jgoldsmith@kuckermarino.com