# THE MARKS LAW FIRM, P.C.

**Defendants' deadline to respond to Plaintiff's discovery demands is extended to November 24, 2023. Defendants' request to extend their time to serve discovery demands is denied. An amended case management plan will issue separately. So Ordered.**

**The Clerk of Court is respectfully directed to close the motions at Dkts. 27 and 29.**

**Dated: October 5, 2023**
**New York, New York**

*LORNA G. SCHOFIELD*
*UNITED STATES DISTRICT JUDGE*

RE:   **Graciela Doncouse v. LNC Wellness LLC, et al.**
        Index: 1:23-cv-03228-LGS
        Response to 108-110 9th Partners LLC Request to Extend

Dear Judge Schofield,

Plaintiff respectfully submits this letter in opposition to Defendants 108-110 9th Partners LLC request to extend its discovery demands, which is the first time Defendant 108-110 9th Partners LLC has raised such a request. This response in opposition solely responds to Defendants new request to interpose discovery demands for the first time [Dkt 29, Exhibit A] (hereinafter "October 3rd Letter"), without waiver or affecting Plaintiffs current 37.2 discovery dispute detailed in docket 27. It should be noted that Defendants October 3rd Letter requests 30 days to respond to discovery, which is not opposed here, however the time to object or seek a protective order has passed. Therefore, we consent to a 30-day extension to fully respond to Plaintiffs discovery demands without objection or protective order, but would need to reset deposition dates and related dates accordingly. However, Defendants new issue raised in the October 3rd Letter of requesting an extension of time to interpose discovery for the first time is vehemently opposed for the reasons set forth below.

I.   <u>Defendants request fails to comply Individual Part Rules and Local Civil Rule 37.2.</u>

Defendants request to extend its time to serve discovery demands must be dismissed without prejudice as premature for failure to comply with Section III(c)(3) ("Discovery Disputes") of Your Honor's Individual Part Rules and SDNY Local Civil Rule 37.2.

Section III(c)(3) states in relevant part: "Any party wishing to raise a discovery dispute with the Court first shall confer in good faith with the opposing party, in person or by telephone, in an effort to resolve the dispute. If this process does not resolve the dispute, the party shall file on ECF a letter motion for a pre-motion discovery conference…"

Defendant has not raised a discovery dispute with Plaintiff, requested an extension of time from Plaintiff, not requested a 37.2 meet and confer to resolve the issues, or even attempted to confer in good faith at all prior to filing their current discovery request. Instead, Defendant disregarded and violated Your Honors Individual Part Rules and is therefore premature. On October 3, 2023, the same night Defendant filed their premature request, our office requested they withdraw their October 3rd Letter request <u>without prejudice</u>, engage in a 37.2 meet and confer regarding their new issue. However, the October 3rd Letter is still not withdrawn and must

155 East 55th Street, Suite 4H, New York, New York 10022
T: (646) 770 – 3775, F: (646) 867 – 2639, brad@markslawpc.com
www.markslawpc.com

THE MARKS LAW FIRM, P.C.

be rejected accordingly. It should be noted, Your Honor's Individual Part Rules Section I(A)(1) stats in relevant part that failure to comply could result in "forfeiture of substantive rights."

II.     Defendants request to extend is untimely

To the extent Defendants October 3rd Letter is not rejected by this Court for the reason set forth above, Defendant's request to extend their time to serve discovery also fails to comply with Your Honor's Individual Part Rules Section I (B)(3), because it was not timely filed "at least two business days before the date to be extended" and does not set forth "(1) the original due date, the date sought to be extended and the new date the party now seeks; (2) the number of previous requests for adjournment or extension of time; (3) whether these previous requests were granted or denied; and (4) whether the adversary consents, and if not, the reasons given by the adversary for refusing to consent. If the requested adjournment or extension affects any other scheduled dates, the parties shall indicate the new proposed dates."

The Case management plan jointly submitted by the parties (Dkt 22, Exhibit B) states, inter alia, initial request for interrogatories and production of documents shall be each "served by 8/1/23." Defendants October 3rd Letter filed with the court is the first time raising the request to extend the deadline to <u>serve</u> discovery demands. Accordingly, Defendant's October 3rd Letter request to extend its time to serve discovery demands is over 90 days past the August 1, 2023 deadline, without a compelling circumstances provided beyond Defendant hoped to reach a settlement.

III.    Defendant Failed to Provide Compelling Circumstance to extend their deadline to serve discovery.

Your Honor made it abundantly clear in its June 20, 2023 order[Dkt 21, Exhibit C], and Individual Part Rules that "the Court does not extend the deadlines for fact and expert discovery absent a compelling circumstances." The compelling circumstance proffered by Defendant is that they had hoped the matter would resolve in mediation. However, the June 20, 2023 Order [Dkt 21] states "The mediation will have no effect upon any scheduling Order issued by this Court without leave of this Court." Further, it is well known that settlement discussions do not extend discovery deadlines.

Defendant, in the October 3rd Letter, proceeds to allege there is no prejudice to Plaintiff by serving discovery demands at this time because Plaintiff has filed other cases, which is lacks merit and logic. Such inflammatory statements of raising the number of lawsuits is a failed tactic to gain favor with this Court and must be rejected as it bears no relevance whatsoever for Defendants choice to not serve discovery demands. Your Honors expressly states the burden to obtain an extension is to provide a "compelling circumstance" not if a party is prejudiced. Other unrelated lawsuits are of no relevance or create a compelling circumstance to justify Defendants well informed decision to not serve discovery demands or comply with court orders. It should be noted that over the past 13 years, in which our office appeared on both on defense and Plaintiff side of matters, we have always timely served and complied with discovery demands. What is more relevant to the current issue of being aware of discovery deadlines, is that Defendants Counsel, Joseph Goldsmith, appears to have participated in at least 400 lawsuits in the lower

155 East 55th Street, Suite 4H, New York, New York 10022
T: (646) 770 – 3775, F: (646) 867 – 2639, brad@markslawpc.com
www.markslawpc.com

# THE MARKS LAW FIRM, P.C.

courts since 2012, not to mention his participation in various additional federal actions, and his law firm Kucker Marino Winiarsky & Bittens, LLP is comprised of over a dozen federal practitioners with even more experience, and yet they chose to not serve discovery demands and float Your Honors Individual Part Rules, without justification or a compelling circumstance.

Plaintiff has complied with Your Honors deadlines to date, and allowing Defendants to serve discovery demands after disregarding Court orders and Individual Part Rules merely rewards Defendants' non-compliance at Plaintiffs expense. Plaintiff opposes Defendants untimely and non-compliant request to extend their time to start serving discovery demands and such request must be rejected without prejudice regardless as premature.

We thank you and the Court for its time and consideration.

Respectfully Submitted,

The Marks Law Firm, P.C.

By: _____
Bradly G. Marks

155 East 55th Street, Suite 4H, New York, New York 10022
T: (646) 770 – 3775, F: (646) 867 – 2639, brad@markslawpc.com
www.markslawpc.com