

# THE MARKS LAW FIRM, P.C.

November 22, 2023

**FILED VIA ECF**
Hon. Dale E. Ho
United States District Judge
Southern District of New York
40 Foley Square, Courtroom 905
New York, NY 10007

    RE:    **Graciela Doncouse v. LNC Wellness LLC, et al.**
             Index: 1:23-cv-03228-DEH

Dear Judge Ho,

    Plaintiff respectfully submits this letter supplementing the November 20, 2023 Letter Motion requesting an appearance before Your Honor to adjudicate the discovery issues [Dkt. 39], in accordance with Your Honor's November 21, 2023 Order [Dkt. 40], Section III(c)(3) ("Discovery Disputes") of Your Honor's Individual Part Rules and SDNY Local Civil Rule 37.2.

    Your Honor requested that Plaintiff clarify what specific issues as to discovery remain outstanding and to provide proposals for new discovery deadlines.

    The parties discussed and Defendant agreed to further look into and conduct a full search of its available records in it's possession and determine if any supplemental submissions to Plaintiff's discovery demands were necessary, which Plaintiff states were evasively responded to as detailed in our deficiency letter (attached as Exhibit C to [Dkt 39]. Defendant has agreed to further look into and review its affirmative defenses and make a decision whether to withdraw or not which will affect the scope of discovery, and continues to dispute if the demands related to financial records are appropriate/relevant and if they will supplement or not. Ultimately, Defendant agreed to review but maintains its disputes. We have agreed that Defendant will let Planitiff's office know within 10 days, but Defendant has not definitively stated whether they will supplement, just consider. Therefore, we have made progress towards resolving the discovery disputes, but some of the issues remain outstanding. Specifically:

    With regards to **Demand # 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 17, 18 and 19**: Defendant's responses are evasive. Rather than meaningful respond to Plaintiff's demands, Defendant pushed blame, liability, and responsibility for obligations to respond onto the Tenant pursuant to a lease by stating "The Lease and Lease modification Agreement states the Tenant is responsible for all non-structural alterations, modification and repairs so as to comply with any laws and regulations and rules of any state, federal, or municipal or local government department, commission or broad." However, the remaining issue in dispute is the structural barrier to access at the front door, as Plaintiff has settled its claims against LNC as to the interior. Further, the law clearly establishes joint and several liability, regardless of any deal between the Defendants (e.g. the

155 East 55th Street, Suite 4H, New York, New York 10022
T: (646) 770 – 3775, F: (646) 867 – 2639, brad@markslawpc.com
www.markslawpc.com

# THE MARKS LAW FIRM, P.C.

lease). We request this court strike the objection as untimely and compel Defendant to respond and not just look into it.

Further, with regards to **Demand # 15, 16, and 17**: Defendant's objections are generic and provide no rationale for failing to respond beyond that they believe it's not "relevant." However, Defendant's financials, expenses spent towards remediations, modifications, alterations, remodeling, balance sheets and quarterly returns speak to Defendant's ability to make such remediations, if any, and speak directly to the "readily achievable" standard and various related factors to be decided at trial. The financials are relevant. Moreover, they generically state that the requested financial documents are "privileged," but do not specify which of the requested items/documents are privileged, or why, and such response fails to conform to Your Honor's Individual Part Rules regarding privilege. We respectfully request this court strike Defendant's objections and compel production.

Defendant lastly agreed to supplement its responses within ten days with clarifications as to what documents are in it's possession, consider it's affirmative defenses to decide whether to maintain or withdraw some of the affirmative defenses that will affect the scope of discovery, and agreed to arrange available deposition dates.

Accordingly, Plaintiff respectfully requests time to conclude discovery (considering our office received Defendant's responses on November 17, 2023) as follows:

a) The deadline for Defendant to supplement its response be extended from **November 24, 2023** to **December 7, 2023**.
b) Defendant's deposition to be extended from **November 24, 2023** to **January 15, 2024**.
c) Fact Discovery deadline be extended from **November 24, 2023** to **January 24, 2024**.
d) Expert discovery deadline to be extended from **December 8, 2023** to **March 9, 2024**, which 45 days post fact discovery.
e) The deadline to file a joint status letter be extended from **December 8, 2023** to **February 7, 2024**, which is 14 days post fact discovery.
f) The Pre- motion conference scheduled for January 3, 2024 be adjourned to **March 23, 2024**, which is 14 days post close of all discovery.
g) During this process, Planitiff will seek the documents Defendant alleges are in a third parties possession (prior owner of the building).

We thank you and the Court for its time and consideration.

Application GRANTED in part.  All November deadlines (i.e., points (a) through (c) above) are hereby stayed through **November 30, 2023**, pending Defendant's opposition letter (if any).  The Court reserves judgment on all remaining matters, pending receipt of Defendant's letter.
SO ORDERED.
Dated: November 22, 2023
New York, New York

Dale E. Ho
United States District Judge

Respectfully Submitted,

The Marks Law Firm, P.C.

By:
Bradly G. Marks

155 East 55th Street, Suite 4H, New York, New York 10022
T: (646) 770 – 3775, F: (646) 867 – 2639, brad@markslawpc.com
www.markslawpc.com