# THE MARKS LAW FIRM, P.C.

December 3, 2023 

**FILED VIA ECF**
Hon. Dale E. Ho,
United States District Judge
United States District Court

      RE:    Graciela Doncouse v. LNC Wellness LLC, et al.
               Index:  1:23-cv-03228-DEH

Dear Judge Ho**,**

    Plaintiff respectfully submits this letter seeking clarification on the outstanding discovery issue raised in the dockets 39 and 41 letter regarding Defendants obligations to supplement its response as to the financials requests.

    Specifically, with regards to Plaintiffs document demands # 15, 16, and 17 (Exhibit A Defendants response to each demand and the demand itself). Defendant's objections to the same due to "relevance," and "Privilege" however failed to provide any detail or rational (Exhibit A). Moreover, it is well settled such financial information is relevant to the claims and affirmative defenses raised (8th and 22nd Affirmative Defense), which was similarly ordered to be produced in a similar case on March 16, 2023, by Judge Jennifer E. Willis in Franco v 380 Second LLC et. al (SDNY 1:22-cv-04011-AS-JW), in a Title III, ADA claim as well (Exhibit B).

    The discovery at issue is relevant to the discrimination claims raised by Plaintiff in her Complaint and the affirmative defenses raised by 108-110 9th Partners LLC (Exhibit C is the answer and affirmative defenses) defendants public accommodation, pursuant to Title III of the Americans with Disabilities Act, 42, U.S.S 12181 et seq., New York State Executive Law 296, New York State Civil Right law 40 and the Administrative code of the City of New York. Absent an order compelling discovery, Plaintiff is unfairly prejudiced because of 108-110 9th Partners LLC actions, which constrain Plaintiffs ability to prosecute her claims.

    Plaintiff seeks financial information from 108-110 9th Partners LLC (including without limitation, gross revenue (copies of rent checks or rental ledgers), tax returns, incomes statements, info provided to lenders, expenses incurred and paid regarding the Premises, and those related to modifying the Premised). The demands are relevant to the financial portion of 108-110 9th Partners LLC's readily achievable and undue hardship affirmative defenses and overall financial resources to engage in remediations. The fact that the owner is "out of possession" does not excuse or limit obligations but may be limited in what is in their possession. Specifically, Defendants related affirmative defenses are:

A. Eighth Affirmative defense, "There are no barriers to accessibility at the subject facility. Owner provided all auxiliary aids and services required by law and move all barriers to access that are readily achievable. Assuming, *arguendo*, that any barrier as alleged does

155 East 55th Street, Suite 4H, New York, New York 10022
T: (646) 770 – 3775, F: (646) 867 – 2639, brad@markslawpc.com
www.markslawpc.com

# THE MARKS LAW FIRM, P.C.

exists, its removal is not readily achievable in whole or in part and/or it does not materially affect the usability of goods, facilities, and service of the subject facility, and it is within construction tolerances."
B. Twenty-Second Affirmative Defense: "The relief requested in the Complaint would constitute an undue burden to Owner under 42 U.S.C. SS 12182 (b)(2)(A)(iii)."

The Federal Rules of Civil Procedure permit parties, as a general matter, to: Obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the around in controversy, the parties relevant access to the relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit… Fed. R. Civ. P. 26(b)(1).

Defendant asserted affirmative defenses that raise issues of financial information, but it refuses to produce relevant information. "Where a party resists discovery of certain information, the burden is on the party to clarify and explain precisely why its objections are proper." Melendez v Greiner, 2003 WL 22434101, at * 1(S.D.N.Y. Oc. 23, 2003). "General and conclusory objections as to relevance, overbreadth, or burden are insufficient to exclude discovery on requested information." *Id.*

Here, Defendant did not properly assert objections to Plaintiff's request for financial information and 108-110 9th Partners LLC (Exhibit A) has not met its burden in showing that its arguments against financial discovery is proper. Defendant financials, expenses spent towards remediations, modifications, alterations, remodeling, balance sheets, gross revenue and returns, speak to the ability to make create accessibility, if any, and speak directly to the "readily achievable" standard cited in their eighth affirmative defense and various factors there to be decided at trial. Moreover, 108-110 9th Partners LLC generically claims the financials are "privileged," but don't provide what is privileged, or why. Pursuant to 28 C.F.R 36.104; and 42 U.S.C. 12181(9), the factors to be considered when a public accommodation, such as Defendant, raises a "readily achievable" defense are the following:

i. The nature and cost of making the premises accessible.
ii. Overall financial resources of the site or sites involved; number of employees at the site; the effect on expenses and sources; legitimate safety requirements that are necessary for safe operation, including crime prevention measures; or the impact otherwise of the cite upon the operation of the site;
iii. Geographic Separateness, and the administrative or fiscal relationship of the site or sites in question to any parent corporation or entity;
iv. If applicable the overall financial resources of any parent corporation or entity; the overall side of the parent corporation or entity with respect to the number of its employees; the number, type, and location of its facilities; and
v. If applicable, the type of operation or operations of any parent corporation or entity, including the composition, structure, and functions of the workforce of the parent corporation or entity.

155 East 55th Street, Suite 4H, New York, New York 10022
T: (646) 770 – 3775, F: (646) 867 – 2639, brad@markslawpc.com
www.markslawpc.com

# THE MARKS LAW FIRM, P.C.

Defendants' contention that it is an "out of possession landlord," as a basis to not produce discovery has no bearing on this case, as the statute does not provide for such exception to liability. Pursuant to 42 U.S. Code § 12182, no individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who <u>owns</u>, <u>leases</u> (<u>or leases to</u>), or operates a place of public accommodation. The ADA places the legal obligation to remove barriers on both the landlord and the tenant. Both Landlord and Tenant are public accommodations and have full responsibility for complying all ADA title III requirements. The title III allows for landlord and tenant to allocate responsibility, in the lease, for compliance. Any allocation made in the lease is only effective as between the parties, and both landlord and tenant remain fully liable. 108-110 9th Partners LLC is admittingly the owner and lessor of the property to a place of public accommodation, with the ability to remediate and remove the barriers pursuant to the lease. <u>See also Heinzl v. Starbucks Corp.</u>, 2015 U.S. Dist. LEXIS 28365 (W.D. Pa. March 9, 2015). Here, Tenant has no right to modify or construct anything at the Premises the structure without 108-110 9th Partners LLC's approval. Further, section 71 of the lease provides that if 108-110 9th Partners LLC wants to make any repairs, alterations or improvements (such as an accessible ramp at the entrance), 108-110 9th Partners LLC simply must provide two (2) business days' notice. While "out of possession," remediation is within the landlords controls.

Regardless, 108-110 9th Partners LLC has placed its finances, corporate structures, and operations at issue in this litigation by asserting affirmative financial defenses, including, not being *readily achievable* and undue hardship. Accordingly, 108-110 9th Partners LLC must be compelled to produce all documents or discovery relevant to those defenses, and subject to Plaintiffs discovery demands for document 15, 16, and 17 (Exhibit A), with no objection or claims of privilege due to waiver, or strike Defendants affirmative defenses 8 and 22.

Given short deadline to complete discovery to December 15, 2023, Plaintiff respectfully request Defendants supplement their response by Friday December 7, 2023(the information is within their control, easily accessible, and not burdensome), which would allow Plaintiff to timely complete Defendants deposition by the discovery deadline a few days thereafter or extend the discovery deadlines to allow Defendant more time to respond.

Application **DENIED** as moot. Defendant has already complied with Demand No. 17. *See* ECF No. 45-1. As agreed by both parties on the record before the Court on December 6, 2023, Defendant withdraws its Eighth and Twenty-Second Affirmative Defenses; accordingly, Plaintiff withdraws Demand Nos. 15 and 16 as moot.

SO ORDERED.

Dale E. Ho
United States District Court
Dated: December 6, 2023
New York, New York

Respectfully Submitted,

The Marks Law Firm, P.C.

By: _____
Bradly G. Marks

The Clerk of Court is respectfully directed to terminate ECF No. 45.

155 East 55th Street, Suite 4H, New York, New York 10022
T: (646) 770 – 3775, F: (646) 867 – 2639, brad@markslawpc.com
www.markslawpc.com