**MEMO ENDORSED**

# THE MARKS LAW FIRM, P.C.

December 15, 2023

**FILED VIA ECF**
Hon. Dale E. Ho
United States District Judge
Southern District of New York
40 Foley Square, Courtroom 905
New York, NY 10007

> Application DENIED. To the extent that Plaintiff seeks Defendant's initial disclosures and requested affidavit, Plaintiff's application is now moot. *See* ECF No. 52. Further, if Plaintiff seeks to reopen discovery for any purpose (such as additional document discovery or to to depose a new witness), Plaintiff may file a motion explaining why good cause justifies its need, with citations to record evidence. SO ORDERED.
> The Clerk of Court is respectfully requested to terminate ECF No. 49.
>
> */s/ Dale E. Ho*
> Dale E. Ho
> United States District Judge
> New York, New York
> Dated: December 21, 2023

RE: **Graciela Doncouse v. LNC Wellness LLC, et al.**
Index: 1:23-cv-03228-DEH

Dear Judge Ho,

Plaintiff respectfully requests an appearance before Your Honor to adjudicate the discovery issue in accordance with Section III(c)(3) ("Discovery Disputes") of Your Honor's Individual Part Rules and SDNY Local Civil Rule 27.2. It should be noted that, the parties discussed the below during the December 14, 2023 Deposition, and Plaintiff informed Defendant that we would contact the Court on this issue given the short amount time in light of the close of fact discovery being December 15, 2023 [Dkt .44]

On December 1, 2023, your Honor entered an order which in sum provided: (a) Defendant to submit an affidavit form the out-of-possession owner regarding the owner's possession of non-possession of documents sought by Plaintiff by December 8, 2023, (b) Defendants deposition deadline extended to December 15, 2023; (c) Fact discovery deadline extended to December 15, 2023, (d) joint status letter deadline extended to December 15, 2023; and (e)Pre-motion conference adjourned to January 11, 2024 [Dkt. 44]

**First:** Defendant has again ignored this Court's deadlines and has failed to produce an affidavit from the "out-of-possession owner" regarding the owner's possession of non-possession of documents. Setting that aside, Defendant also failed to produce its Rule 26 initial disclosures. During the Depositn yesterday, counsel stated they would review and be served. Defendant has failed to proffer any reason or justification for ignoring yet another court deadline. Any affidavit that may be filed at this point must be rejected, and Defendant must be precluded from introducing any evidence in this action at all at this point. In fact, given the history of Defendant's failure to comply with Court Orders in this case, which has already resulted in Judge Schofield's October 5, 2023 Order , in sum, precluding Defendant from serving discovery demands in this case [Dkt. 32]. As such, we respectfully request that Defendant's answer, affirmative defenses and cross claims be stricken or as this court otherwise deems appropriate.

**Second:** Defendants 30 (b) (6) witness Serina Santiago did not have the requisite knowledge and we seek to reserve the right to a supplemental deposition. On December 14, 2023, Defendant produced Serina Santiago as their designated witness. The deposition lasted

155 East 55th Street, Suite 4H, New York, New York 10022
T: (646) 770 – 3775, F: (646) 867 – 2639, brad@markslawpc.com
www.markslawpc.com

THE MARKS LAW FIRM, P.C.

about 6 hours, and deponent was able to answer some questions, but she admitted not many others. The Defendant clearly failed to make a good faith, conscientious effort to designate appropriate persons and to prepare Serina Santiago to testify on the corporation's behalf as required by the FRCP. The witness testified that she did not prepare for the deposition at all, or even attempt to become familiar with the topics identified in the 30(b)(6) notice (see attached notice). The witness never reviewed the notice, the complaint, their own answer, affirmative defenses and cross claims or even attempted to. The witness's answers were riddled with "don't know" and when asked who would know, the response was routinely "don't know" or "Isaac Abraham" or "Rami Ben Yahuda" resulting in using deposition time to find out who would know the answer. The witness did not speak to anyone, or review any documents, or review all matters reasonably available to her in preparation for a Rule 30(b)(6) deposition, however the Defendant is bound by her answers pursuant to the FRCP. The scope of questioning was limited at the deposition, primarily focusing on the date Defendant purchased the subject Premises though the date of deposition.[1]

Considering the Court's December 15, 2023 deadline to complete Defendant's Deposition, we submit this letter without the benefit of reviewing the deposition transcript which is still being prepared, and making a determination, based on the answers that were provided, if Plaintiff will, in fact, require a supplemental deposition. We are seeking to reserve our right, with additional time, to a follow up deposition of either "Isaac Abraham" or "Rami Ben Yahuda." Moreover, we are requesting that a negative inference be provided for each and every answer in which the witness stated that she didn't know the answer or lacked the requisite knowledge, and that Isaac Abraham or Rami Ben Yahuda would be in a better position to know. The negative inference may obviate the need for the follow up deposition after a review of the deposition transcript (which has yet to be received).

The witness, is a senior property manager for "Brighton Management." She manages about 50 properties, including the owners property at issue. 108-110 9th Partners LLC is a client of Brighton Management and the designated 30B6 witness for 108-110 9th Partners LLC. However, she lacked basic information and knowledge such as, without limitation:

- The identities of the members/owners of 108-110 9th Partners, LLC were,
- If there was insurance coverage for this case (the Rule 26 disclosures were not produced)
- How many employees are employed by Defendant.
- If an operating agreement exits and if a property management agreement exists that discusses compliance (the agreement if any, is not within her authorization), that she was not privy to basic information about the property,
- If in the process of purchasing the property, the owner was informed by the seller of any obligations to bring the building into compliance pursuant to the four (4) previously filed ADA lawsuits (one which is for this very location),

---

[1] It should be noted Defendant did not dispute, seek to protective order, or seek any objections regarding the 30 (B)(6) notice that would preserve or limit the same.

155 East 55th Street, Suite 4H, New York, New York 10022
T: (646) 770 – 3775, F: (646) 867 – 2639, brad@markslawpc.com
www.markslawpc.com

# THE MARKS LAW FIRM, P.C.

- Who hired the individual referenced as "Marcos" the "super" and what his duties consist of with respect to the commercial premises at issue, and
- Further, the witness was unable to answer basic questions regarding some of the affirmative defenses pertaining to the property

It is well established that a party served with a FRCP 30(b)(6) notice has a duty to designate more than one deponent if necessary to respond to questions on all relevant areas of inquiry listed in the notice. The corporation has a duty to make a good faith, conscientious effort to designate appropriate persons and to prepare them to testify fully and non-evasively about the subjects. The duty to prepare a FRCP 30(b)(6) witness goes beyond matters personally known to the designee or to matters in which the designated witness was personally involved. The persons designated must testify about information known or reasonably available to the company. FRCP 30(b)(6). Not only must the designee testify about facts within the corporation's collective knowledge, including the results of an investigation initiated for the purpose of complying with the 30(b)(6) notice, but the designee must also testify about the corporation's position, beliefs and opinions. In other words, a corporation is expected to produce an appropriate witness or witnesses from information reasonably available to it if necessary. FRCP 30(b)(6).

Lastly, we respectfully request an additional 30 days to obtain the transcript from yesterday's deposition, serve post deposition document demands for what was identified at the deposition and Defendant stated to put in writing for them to take under advisement, determine if a supplemental deposition will be required or if we can proceed based on the limited responses provided.

Defendant's failure to produce an adequate witness under FRCP 30(b)(6) and timely produce an affidavit is highly prejudicial to Plaintiff and unduly delays this action to plaintiffs detriment. It is not possible to prepare for trial, with Defendant not cooperating with the discovery process. Therefore, Plaintiff respectfully requests a conference before Your Honor to adjudicate these discovery issues along with sanctions including striking Defendant's Answer and affirmative defenses and all other remedies this Court deems just and proper.

We thank you and the Court for its time and consideration.

Respectfully Submitted,

The Marks Law Firm, P.C.

By: _____
Bradly G. Marks, Esq.
*Attorney for Plaintiff*

155 East 55th Street, Suite 4H, New York, New York 10022
T: (646) 770 – 3775, F: (646) 867 – 2639, brad@markslawpc.com
www.markslawpc.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GRACIELA DONCOUSE,<br><br>    Plaintiff,<br><br>vs.<br><br>LNC WELLNESS LLC AND 108-110 9TH PARTNERS LLC,<br><br>    Defendant. | **AMENDED NOTICE OF DEPOSITION BY VIDEOGRAPHER AND STENOGRAPHER**<br><br>*Civil Action No.*<br>1:23-cv-03228-DEH |

COUNSEL:

**PLEASE TAKE NOTICE**, that pursuant to Rule 30 (b)(6) and Rule 34 of the Federal Rules of Civil Procedure, Plaintiff, by and through its counsel, will take the deposition upon oral examination of Defendant 108-110 9TH PARTNERS LLC. The deposition will take place at Dietz Court Reporting Services, 420 Lexington Ave, suite 2100, New York, New York 10170 on December 14, 2023, at 10:00 am, and from day to day thereafter until completed, unless the parties mutually agree to hold the deposition on a different date or time and/or at a different location.

**The deposition will be taken before an Officer authorized to administer oaths and by audio and visual means (by videographer), as well as stenographic means.** The scope of the deposition will be: (1) facts regarding the documents produced by Defendants during the course of discovery; (2) all alterations, repairs, construction,

remediation's, contractors, contracts and work performed on the building since January 1, 1990; (3) all financial aspects of the corporation (profits, losses, liabilities, books and records, operations costs, ability to afford remediation's in conjunction with the readily achievable standard (The relevant time period January 1, 1990 through date of deposition); (4) all leases and agreements entered into on behalf of the corporation since January 1, 1990 through date of this demand (5) all litigation regarding the property in city, state and federal cases within the past 10 years, (6) the purchase of the property by the current buyer, and its related due diligence, including without limitation reports obtained during the due diligence process (7) operating agreements of the owners of the property, (8) documents regarding the mortgage of the property, and the process, and submissions regarding the same, (9) all city, state, and federal inspections, walk throughs, fines of occurring at the property at issue in the complaint; (10) conversations with the tenant regarding this action, (11) the approvals and approval process for the building at issue, (12) the custodian of records for the business, including the storage, filing, and maintenance of documents related to the Property, (12) the day – to – day operation of the business and property at issue in the complaint.

      The deposition will be taken for the purposes of discovery, for use at trial in this matter, and for any other purpose permitted under the Federal Rules of Civil Procedure. Defendant shall bring to the deposition all documents, notes, recordings, correspondence and other materials relevant to the factual allegations asserted in the operative complaint and the operative answer, including, but not limited to, all correspondence between Plaintiff and Defendant, as well as all documents relevant to Defendant's defenses and

affirmative defenses in this action.

Dated: New York, New York
December 12, 2023

                THE MARKS LAW FIRM, P.C.

By: _____
Bradly G. Marks, Esq.
155 East 55th St, Suite 4H
New York, NY 10022
T: (646) 770 – 3775
F: (646) 867 – 2639

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GRACIELA DONCOUSE,<br><br>               Plaintiff,<br><br>   vs.<br><br><br>LNC WELLNESS LLC AND 108-110 9TH PARTNERS LLC,<br><br>               Defendant. | **NOTICE OF DEPOSITION BY VIDEOGRAPHER AND STENOGRAPHER**<br><br>*Civil Action No.*<br>1:23-cv-3228 (DEH) |

COUNSEL:

**PLEASE TAKE NOTICE**, that pursuant to Rule 30 (b)(6) and Rule 34 of the Federal Rules of Civil Procedure, Plaintiff, by and through its counsel, will take the deposition upon oral examination of Defendant 108-110 9TH PARTNERS LLC. The deposition will take place at **Dietz Court Reporting Services** 420 Lexington Ave, #2100 New York, NY 10170 **on December 14, 2023, at 10:00 am**, and from day to day thereafter until completed, unless the parties mutually agree to hold the deposition on a different date or time and/or at a different location.

**The deposition will be taken before an Officer authorized to administer oaths and by audio and visual means (by videographer), as well as stenographic means.** The scope of the deposition will be: (1) facts regarding the documents produced by Defendants during the course of discovery; (2) all alterations, repairs, construction, remediation's, contractors, contracts and work performed on the building since January 1, 1990; (3) all financial aspects of the corporation (profits, losses, liabilities, books and

records, operations costs, ability to afford remediation's in conjunction with the readily achievable standard (The relevant time period January 1, 1990 through date of deposition); (4) all leases and agreements entered into on behalf of the corporation since January 1, 1990 through date of this demand.

The deposition will be taken for the purposes of discovery, for use at trial in this matter, and for any other purpose permitted under the Federal Rules of Civil Procedure. Defendant shall bring to the deposition all documents, notes, recordings, correspondence and other materials relevant to the factual allegations asserted in the operative complaint and the operative answer, including, but not limited to, all correspondence between Plaintiff and Defendant, as well as all documents relevant to Defendant's defenses and affirmative defenses in this action.

Dated: New York, New York
December 4, 2023

                                              THE MARKS LAW FIRM, P.C.

By: _____
       Bradly G. Marks, Esq.
       155 East 55th St, Suite 4H
       New York, NY 10022
       T: (646) 770 – 3775
       F: (646) 867 – 2639